No. 43,762

STATE OF KANSAS, *Appellee,* v. JOHN FOSTER, *Appellant.*

(413 P. 2d 1021)

Opinion filed May 7, 1966.

*B. L. Pringle,* of Topeka, argued the cause and was on the brief for the appellant.

*Robert D. Hecht,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: On July 15, 1963, the defendant, John Foster, stood charged in the district court of Shawnee County with five separate felonies, three of them being burglary in the second degree and larceny, one being possession of a pistol after having been previously convicted of a felony, and the other being jail break. The district court case numbers of these charges were 23,653, 23,775, 23,868, 23,867, and 23,734.

Defendant, who was thirty years of age, was present in court in person and by Mr. Robert Nelson, a member of the Topeka bar, his court appointed counsel. In open court defendant was asked if he understood the nature of the charges against him. He replied that he did. Formal arraignment was waived, and a plea of guilty was entered to each charge. In answer to a question by the

court, defendant, through his counsel, stated there was no legal reason why judgment and sentence should not be pronounced in each case.

The then county attorney, Robert M. Brown, recommended that the sentences in the first three numbered cases be concurrent, and that the sentences in the last two numbered cases be concurrent with each other but that they not commence until the expiration of the sentences in the first three numbered cases.

The court followed the recommendation of the county attorney and accordingly sentenced defendant to confinement in the state penitentiary—the sentences on the first three charges to be served concurrently, and the sentences on the last two charges to be served concurrently with each other but consecutively with the concurrent sentences imposed in the first three charges.

Defendant made no objection to and raised no question as to the imposition of the sentences.

On July 25, 1963, defendant *pro se,* filed a notice of appeal from the judgment and sentences.

Later, Mr. B. L. Pringle, a member of the Topeka bar, was appointed to represent defendant in the appeal.

Defendant's sole contention on appeal is that he had entered into an agreement with Mr. Brown, the county attorney, that he would waive a preliminary examination in each of the five cases and would enter a plea of guilty in each case in return for a promise by the county attorney to recommend to the court that all five sentences should be served concurrently. It is contended the county attorney —despite the alleged agreement—failed to make such recommendation to the court, as a result of which defendant's pleas of guilty were not voluntary and were therefore void. Defendant, for the first time, raised the question concerning this matter by an affidavit filed directly with this court—the affidavit being dated October 26, 1965.

In response to defendant's affidavit the state, on April 7, 1966, filed directly with this court an affidavit by Mr. Brown stating that he at no time advised defendant that he would recommend to the court that all five sentences be served concurrently in return for defendant's waiving preliminary examinations and entering pleas of guilty, that he did advise defendant he would invoke the habitual criminal statute if the cases went to trial, but that if defendant entered pleas of guilty he would recommend that the sentences in

the first three numbered cases run concurrently with each other and that the sentences in the last two numbered cases be served concurrently with each other but consecutively with the sentences imposed in the first three cases, and that such agreement was consistent with the recommendation which was in fact made by him and which was followed by the court.

It is to be noted that the matter now attempted to be urged in this appeal has never been presented to the trial court. The affidavits referred to were filed directly with this court and we know of no rule or provision authorizing this court to consider them. From the record presented the proceedings in the trial court appear to have been regular in all respects. Defendant is not without a remedy to pursue the matter attempted to be raised in this appeal.

No error appearing in the record of proceedings had in the trial court—the judgment must be and is affirmed.

FROMME, J., not participating.